### LUTHER HAMPTON
*v.*
### AYRES CODDINGTON and others.

A signature to a bill in the firm name of two counselors, who are in partnership, is a compliance with the rule requiring all bills to be signed by counsel.

*Messrs. Bartine & Davis*, for the motion.

*Mr. J. Schomp, contra.*

THE CHANCELLOR.

A motion is made to dismiss the bill, on the ground that it is not signed by counsel, as required by the first rule of this court. It is signed with the firm name of Messrs. Clark

& Schomp, as counsel. Those gentlemen are both counselors at law, practicing at the bar of this court. It is insisted that such signature is not a compliance with the rule, that the rule requires the signature of an individual as counsel, and is not complied with by the signature of the partnership name of a firm of counselors.

The objection cannot be sustained. The rule requiring the signature of counsel to a bill was designed to secure proper form in the pleading, and as a security against the introduction of irrelevant or scandalous matter. "From an early period," says Spence, (1 *Spence's Eq. Jur.* 369,) "the signature of counsel practicing at the chancery bar was required to every bill. That sanction for the issuing of the subpœna was substituted for the personal examination of the bill by the chancellor, and it was, besides, a security against the introduction of scandalous and irrelevant matter, with which the parties were too apt to defile the records, when left to themselves." This purpose is manifestly quite as well answered, to say the least of it, by the signature of a firm of counselors as by that of a single member of the firm. The signature must be the proper handwriting of one of the members of the firm, and he certainly would be held responsible to the court for the certificate which the signature imports. Nay, more : in such case authority would be presumed to exist for the signature of all of the members of the firm, and they would be held responsible accordingly. I do not perceive any reason for the construction of the rule which is contended for by the defendant's counsel.

The motion is denied, with costs.